## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 04 2015, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Richard Walker<br>Anderson, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dustin E. McGuire,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 4, 2015<br><br>Court of Appeals Cause No.<br>48A02-1501-CR-23<br><br>Appeal from the Madison Circuit Court<br>Cause No. 48C06-1312-FA-2416<br><br>The Honorable Dennis D. Carroll, Judge |

**Barnes, Judge.**

# Case Summary

Dustin McGuire appeals his eighty-year sentence for three counts of Class A felony child molesting and one count of Class C felony child molesting. We affirm.

# Issue

McGuire raises one issue, which we restate as whether his sentence is inappropriate.

# Facts

McGuire is the father of D.M. and began molesting D.M. in 2012, when D.M. was five or six years old. The molestation continued until 2013 when D.M. reported the abuse to a teacher. D.M. described McGuire performing anal and oral sex on D.M., D.M. performing oral sex on McGuire, and D.M. fondling McGuire for McGuire's sexual gratification. D.M. indicated that the molestation was ongoing and had occurred at least ten times.

On December 19, 2013, the State charged McGuire with three counts of Class A felony child molesting and one count of Class C felony child molesting. McGuire proceeded to trial, and after a jury was selected and D.M. and his sister testified, McGuire pled guilty as charged without the benefit of a plea agreement. The trial court sentenced McGuire to forty years on each of the Class A felony convictions and to six years on the Class C felony conviction. The trial court ordered two of the Class A felony convictions to be served consecutively and the remaining Class A felony and Class C felony convictions

to be served concurrently for a total sentence of eighty years. McGuire now appeals.

## Analysis

McGuire argues that his eighty-year sentence is inappropriate. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Although Appellate Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

The principal role of Appellate Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime,

the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224.

[7] McGuire argues that the nature of the offenses does not require such a lengthy sentence because he did not beat or severely brutalize D.M. and did not use excessive force or injure D.M. Be that as it may, McGuire engaged in anal and oral intercourse with his dependent son and required D.M. to fondle him. D.M. was five or six years old when the abuse began, and it occurred at least ten times and continued for at least a year. D.M. described the anal intercourse as painful and having diarrhea afterward. D.M. also described his younger sister interrupting the abuse on one occasion and McGuire threatening to whip D.M. if he told anyone about the abuse. Despite the lack of excessive force, we are not convinced the nature of the offense warrants a reduction of McGuire's sentence.

[8] Regarding McGuire's character, we acknowledge that he pled guilty and apologized for his actions. He did so, however, only after the State prepared for trial, a jury was empaneled, and D.M. and his sister testified against their father in open court. Under these circumstances, McGuire's guilty plea sheds little positive light on his character.

[9] As for McGuire's claim of poor mental health based on his anxiety, depression, and a seizure disorder, he offers no insight as to how his mental health impacted his ability to appreciate the wrongfulness of his actions. In fact, the record indicates that McGuire completed high school and that his medication

did not affect his ability to think clearly at the time of his guilty plea. Further, the trial court found nothing about McGuire's mental health issues "that interferes with his ability to comprehend these proceedings, be responsible for his own behavior and his responsibility to perform that's consistent with what's expected of people." Tr. p. 48. McGuire's mental health issues do not render his sentence inappropriate.

[10] Regarding his criminal history, McGuire describes it as "minimal" because it consists of a single Class A misdemeanor conviction from 2011. Appellant's Br. p. 10. A more thorough investigation, however, reveals that McGuire was charged with Class D felony battery resulting in bodily injury and Class D felony strangulation in an incident also involving D.M. McGuire pled guilty to the strangulation allegation and was granted alternative misdemeanor sentencing, reducing the offense to a Class A misdemeanor. Although McGuire's criminal history is not extensive, it does not reflect positively on his character as it relates to the current offenses against D.M. and previous leniency in sentencing.

[11] Finally, McGuire compares his case to *Carter v. State*, 31 N.E.3d 17, 25 (Ind. Ct. App. 2015), in which Carter was accused of molesting his young stepson and convicted of three counts of Class A felony child molesting and two counts of Class C felony child molesting and sentenced to ninety-eight years. After analyzing the nature of the offense and the character of the offender, a panel of this court concluded that Carter's sentence was inappropriate and revised his sentence to sixty-eight years. *Carter*, 31 N.E.3d at 33. The *Carter* analysis,

however, does not compel a reduction of McGuire's sentence where McGuire was D.M.'s father, not his step-father, D.M. was slightly younger than the victim in *Carter*, and McGuire's criminal history includes a prior victimization of D.M. Further, the sentence we revised in *Carter* was eighteen years longer than the sentence McGuire received. For these reasons, we find *Carter* distinguishable. When considering the nature of the offenses and the character of the offender, McGuire has not established that his sentence is inappropriate.

## Conclusion

[12] McGuire has not established that his eighty-year sentence is inappropriate. We affirm.

[13] Affirmed.

Riley, J., and Bailey, J., concur.